UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL N. WARD,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CHILD PROTECTIVE SERVICES, MEGAN DANIELS, MARINA CHAMBERS,<br><br>            Defendants. | No.  2:19-cv-652-MCE-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this civil rights action against defendant Department of Child Protective Services and two social workers, defendants Megan Daniels and Marina Chambers. ECF No. 1. Liberally construed, the complaint alleges that defendants precluded plaintiff from reunifying with his children by committing perjury and falsifying documents filed in state court custody proceedings. *Id*. at 4. Plaintiff claims that defendants illegally accessed his Facebook private messaging account, which was linked to his cell phone contacts. *Id*. Defendants then allegedly interrogated individuals listed in plaintiff's contacts and used information from his private messages "to falsify court reports in [an] effort to have [plaintiff's] children adopted." *Id*.

/////

Plaintiff further claims defendants falsely testified that they obtained plaintiff's private messages from an individual named Jennifer Santana. *Id.* The complaint alleges claims for violation of plaintiff's civil rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, and 18 U.S.C. §§ 1621 and 1623. *Id.* It also alleges what appears to be a state law claim for "intrusion upon seclusion." *Id.* at 3.

Although plaintiff references the Fifth Amendment, the complaint does not identify the specific provision defendants purportedly violated and it is not clear from the allegations how plaintiff's rights under that amendment were violated. *See* U.S. CONST. amend. V. Plaintiff also purports to assert a Fourth Amendment claim based on the removal of his children. But the seizure of his children can only support a Fourth Amendment claim on their behalf. *See Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789-90 (9th Cir. 2016) (en banc); *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (explaining that the "Fourteenth Amendment guarantees that parents will not be separated from their children without due process," while the Fourth Amendment "protects children from [unlawful] removal from their homes . . . .").

Plaintiff also appears to allege defendants violated his Fourteenth Amendment right to familial association. The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, official may interfere with the right if they provide the parents with fundamentally fair procedures." *Id*. (citations and quotations omitted). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id*. at 1237-38. "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

"[T]o prevail on a claim of judicial deception in a child abuse or custody proceeding, a plaintiff must show that '(1) the defendant official deliberately fabricated evidence and (2) the

3

deliberate fabrication caused the plaintiff's deprivation of liberty.'" *Keates*, 883 F.3d 1228, 1240 (9th Cir. 2018) (quoting *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). "To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer*, 857 F.3d at 798.

Although plaintiff alleges defendants falsified documents and committed perjury, the only false statement identified in the complaint concerns how defendants gained access to plaintiff's private messages. Plaintiff, however, fails to explain how that alleged misrepresentation precluded reunification with his children. Accordingly, plaintiff fails to state a claim for deprivation of his right to familial association.

Plaintiff's § 1983 claims against defendant Department of Childhood Services also fail since he does not allege that his civil rights were violated pursuant to a policy or custom, which is required to assert a claim against an agency. *See Villegas v. Gilroy Garlic Festival Ass'n*, 951 F.3d 950, 957 (9th Cir. 2008) (a municipality or its departments is liable under section 1983 only if plaintiff shows that his injury was caused by employees acting pursuant to the municipality's policy or custom).

Plaintiff also purports to allege a claim for "Race Discrimination." ECF No. 1 at 3. But the complaint contains no factual allegations regarding plaintiff's race or suggesting he was subject to discrimination on account of his race. Likewise, plaintiff cites to the Americans with Disabilities Act, but the complaint is devoid of any allegations that could support a claim under that act. Plaintiff does not allege that he is disabled within the meaning of the ADA, nor does he allege any adverse treatment in connection to a disability. *See* 42 U.S.C. § 12102(1) (The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment.).

/////

The complaint also fails to state claims under 18 U.S.C. §§ 1621 and 1623, which are criminal statute that do not provide a private right of action. *See, e.g., Fabbri v. Sheraton Plaza La Reina Hotel*, 956 F.2d 1166, (9th Cir. 1992) (holding that 18 U.S.C. § 1623 "is a criminal statute and does not create, explicitly or implicitly, any civil liability.") *Kastis v. Alvarado*, 2019 WL 3037912, at *9 (E.D. Cal. July 11, 2019) (no private right of action under 18 U.S.C. § 1621).

Lastly, as noted, plaintiff asserts a claim for "intrusion upon seclusion." The complaint is confusing as to this claim. It cites what purports to be a federal statue. *Id.* ("§ 652B intrusion upon seclusion, 42 U.S. Code § 12101"). But that statute, the Americans with Disabilities Act, does not provide for any such claim. However, California law apparently does. *See, e.g., In re Facebook Internet Tracking Litigation*, 263 F. Supp. 3d 836, 846 (N.D. Cal. 2017) ("To state a claim for intrusion upon seclusion, a plaintiff must show (1) that the defendant intentionally intruded into a place, conversation, matter as to which the plaintiff had a reasonable expectation of privacy and (2) that the intrusion was 'highly offensive' to a reasonable person.") (citing *Hernandez v. Hillsdale*, 47 Cal. 4th 272, 285 (2009); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Actions to remedy defendants' invasion of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts . . . .")). But to establish supplemental jurisdiction over this state law claim, plaintiff must first properly plead a federal cause of action. As noted, he has failed to do so which precludes supplemental jurisdiction over his state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). He also fails to establish the alternative of diversity of citizenship that could support diversity jurisdiction over a state law claim. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000). Instead, the complaint indicates that plaintiff

/////

and defendants Daniels and Chambers reside in California, suggesting plaintiff has the same citizenship as these defendants. It therefore appears diversity of citizenship is lacking.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory and state sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, it shall clearly set forth the allegations that support each claim for relief. It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

/////

/////

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE